Turley, J.
delivered the opinion of the court.
This is an action of ejectment, in which the plaintiff claims title by sheriff’s deed, based upon a sale made by order of the Circuit Court of Henderson county upon judgments rendered by a Justice of the Peace, upon which executions had been returned nulla bona, and thereupon levied on the land in dispute.
To the validity of the sale, two objections are taken by the defendant in error. 1st. It is insisted that the land having been entered under the act of congress lately passed for that *582 purpose, and not being granted at the time of the levy and sale, was not legally liable to execution. To this we cannot give our assent. By special enactment lands in this State held by entry are liable to execution, as if they had been granted; and we do not recognize the distinction ■ attempted to be drawn between entries founded upon North Carolina warrants, and entries such as this,-founded upon a money consideration under the act of congress. They are alike the subject of execution.
2nd. It is said, that inasmuch as the judgments and executions upon which the land was sold were against several, and the return by the officer is, “no property of the defendant found upon which to levy,” that the return is defective, and the consequent levy upon the land illegal; for, non constat that though one of the defendants had not personal property upon which to levy, the others had not; and if any one of them had, the land could not be sold.
However much we may regret that land titles should ever be made to depend upon the fleeting and uncertain judgments of Justices of the Peace, yet inasmuch as the legislative department of the State has thought proper so to make it, we must enforce it, and in such a way as to engender, the least possible mischief. This is to be done by giving a liberal construction and riot a restricted one, to the proceedings of these tribunals; and in doing this in the case under consideration, we must hold that the word defendant as used in the return, is nomen collecti-mm, and means defendants; and this, ut res magis valeat quam qjereat.
The Circuit Judge upon one or both these points thought otherwise, and gave judgment for the defendant in the ejectment. Let it be reversed, and the case remanded for a new trial.